UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

REBEKA RODRIGUEZ,

Plaintiff,

v.

BLAZE PIZZA, LLC,

Defendant.

Case No.:  25-cv-01850-AJB-DEB

**ORDER TO SHOW CAUSE**

On July 19, 2025, Plaintiff Rebeka Rodriguez and her counsel Scott J. Ferrell initiated the present action alleging several website-invasion-of-privacy-related claims. (Doc. No. 1.)

Upon reviewing Plaintiff's Complaint and past filings, it is not clear that venue is proper in this Court. Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that the subject of the action is situated; or

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

1

25-cv-01850-AJB-DEB

The Court may raise the issue of venue *sua sponte* if the defendant has not waived their right to object to an improper venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Conclusory allegations are not sufficient to establish the proper venue for this litigation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges that "[v]enue is proper in this County because Plaintiff's claims arose in this county." (*Id.* ¶ 6.) However, Plaintiff's reference to "this county" does not clearly identify in which county Plaintiff's claims arose. Nor does the Complaint provide any indication of the specific date on which Plaintiff accessed Defendant Blaze Pizza, LLC's, website, or where and how she accessed the website such that her claims may have arisen within this District. (*See generally id.* at 1–12.)

Additionally, Plaintiff's asserted residency raises questions. As an initial matter, Plaintiff's residency is not determinative of the proper federal venue. *See* 28 U.S.C. § 1391(b). To the extent that Plaintiff's residency might reveal from where she accessed Defendant's website, the Civil Cover Sheet dated July 18, 2025, indicates that Plaintiff is a resident of San Diego County. (Doc. No. 1-1.) However, it appears that Plaintiff and her counsel initiated an action with identical claims in the California Superior Court for the County of Los Angeles on the very same day. *See* Complaint, *Rodriguez v. Cinder Block Merchandise LLC*, No. 25STCV21276 (Cal. Sup. Ct. filed July 18, 2025). It also appears that Plaintiff and her counsel initiated a similar action in the United States District Court for the Central District of California less than a month later. Complaint, *Rodriguez v. AMF Bowling Centers, Inc.*, No. 2:25-cv-07478 (C.D. Cal. filed Aug. 12, 2025), Doc. No. 1. There, Plaintiff and her counsel submitted a civil cover sheet identifying Plaintiff's county of residence as San Bernardino County. Civil Cover Sheet, *Rodriguez v. AMF Bowling Centers, Inc.*, No. 2:25-cv-07478 (C.D. Cal. filed Aug. 12, 2025), Doc. No. 2.[1]

---

[1] The Court notes this is not the first time that this Court has identified a potential venue-related deficiency in Plaintiff's and her counsel's pleadings. *See* Order to Show Cause, *Rodriguez v. Brivo Sys. LLC*, No. 3:25-cv-02050 (S.D. Cal. filed Aug. 12, 2025), Doc. No. 4.

In light of the foregoing, the Court hereby **ORDERS** Plaintiff to show cause why venue is proper in this Court. Accordingly,

1.    On or before **October 7, 2025**, Plaintiff must file a supplemental brief, **not to exceed three pages**, supported by any necessary declarations/affidavits to make a *prima facie* showing of why venue is proper in this Court.

2.    On or before **October 14, 2025**, Defendant may file a response brief, **not to exceed three pages**. Defendant may support the response brief with any necessary declarations/affidavits.

3.    No reply will be accepted.

Additionally, the Court **VACATES** Defendant's October 15, 2025 deadline to file a responsive pleading. If necessary, the Court will set a new deadline for Defendant's responsive pleading after resolving whether this Court is a proper venue for Plaintiff's claims.

**IT IS SO ORDERED.**

Dated:  September 23, 2025

Hon. Anthony J. Battaglia
United States District Judge